Mr. Stephen A. Melnick Legal Advisor Boca Raton Police Services 100 Northwest Second Avenue Boca Raton, Florida 33432-3799
Dear Mr. Melnick:
As legal advisor to the Boca Raton Police Department, you ask substantially the following question:
Does section 39.039(1)(b), Florida Statutes, as amended,[1]
authorize a law enforcement officer to include photographs of juvenile offenders who are not suspects in the crime under investigation in a photographic lineup?
In sum:
Section 39.039(1)(b), Florida Statutes, as amended, authorizes a law enforcement officer to use photographs of juvenile offenders, taken in accordance with that section, in a photographic lineup for the purpose of identifying the perpetrator of a crime, regardless of whether those juvenile offenders are suspects in the crime under investigation.
Section 39.039(1)(b), Florida Statutes, was substantially amended during the 1996 legislative session.[2] The portion of the statute relevant to your inquiry now provides:
A law enforcement agency may fingerprint and photograph a child taken into custody upon probable cause that such child has committed any other violation of law, as the agency deems appropriate. Such fingerprint records and photographs shall be retained by the law enforcement agency in a separate file, and these records and all copies thereof must be marked "Juvenile Confidential." These records shall not be available for public disclosure and inspection under s. 119.07(1), except as provided in ss. 39.045(9)[3] and 943.053,[4] but shall be available to other law enforcement agencies, criminal justice agencies, state attorneys, the courts, the child, the parents or legal custodians of the child, their attorneys, and any other person authorized by the court to have access to such records. These records may, in the discretion of the court, be open to inspection by anyone upon a showing of cause. The fingerprint and photograph records shall be produced in the court whenever directed by the court. Any photograph taken pursuant to this section may be shown by a law enforcement officer to any victim or witness of a crime for the purpose of identifying the person who committed such crime.
A law enforcement agency is required to fingerprint a juvenile offender for those crimes specifically set out in section 39.039(1)(b)1.-12., Florida Statutes, as amended.[5] In addition, the agency has the discretion to photograph and fingerprint a juvenile offender for other violations of law. However, section 39.039(3), Florida Statutes, imposes an important restriction on the use of these records: "All law enforcement agencies and the Department of Law Enforcement shall use these fingerprint and photograph records only for identification purposes." In those instances where the juvenile offender is found not to have committed a violation of law, the court may order the originals and copies of fingerprints and photographs destroyed.[6]
According to your letter, once the Boca Raton Police Department has photographed a juvenile pursuant to section 39.039, Florida Statutes, it places the photograph in a file with other juvenile photographs taken pursuant to the statute. You have asked whether the photographs in this file may be included in a photographic lineup even though some of those juvenile offenders are not suspects in the crime under investigation.
The statute provides that "[a]ny photograph taken pursuant to this section may be shown by a law enforcement officer to any victim or witness of a crime for the purpose of identifying the person who committed such a crime."(e.s.) The term "any" is defined in its ordinary sense as "a word which is broad and general, and comprehensive, and is broadly inclusive, and all embracing . . . it negatives the idea of exclusion, and it is applied indifferently."[7] The word is one of general description and is usually taken to mean:
[O]ne or some indiscriminately of whatever kind . . . one or another taken at random . . . one or more — used to indicate an undetermined number or amount . . . unmeasured or unlimited in amount, number, or extent[.][8]
The use of the word "any" to refer both to photographs and to victims or witnesses in section 39.039(1)(b), Florida Statutes, indicates a legislative intent that the statute be read broadly. Utilizing this broad construction in resolving your question, it appears that the terms of section 39.039(1)(b), Florida Statutes (1995), as amended, do not preclude the use of photographs of juveniles taken pursuant to this section for identification purposes in unrelated cases where juveniles or young adults are the suspected offenders.
Therefore, it is my opinion that a photograph of a juvenile taken pursuant to section 39.039(1)(b), Florida Statutes, as amended, may be used by a law enforcement officer for identification purposes in other juvenile crimes by using the photograph in a juvenile photo lineup when the juvenile is not a suspect in the crime being investigated.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 2, Ch. 96-293, s. 20, Ch. 96-322, s. 17, Ch. 96-388, and s. 13, Ch. 96-406, Laws of Florida.
[2] Id.
[3] Section 39.045(9), Fla. Stat., as amended by s. 18, Ch. 96-388, Laws of Florida, provides that notwithstanding any other provisions of Part II, Ch. 39, Fla. Stat., the name, photograph, address, and crime or arrest report of a child are not confidential and exempt from the Public Records law solely because of the child's age if the child has (a) been taken into custody for a violation of law which would be a felony if committed by an adult or (b) been found by a court to have committed 3 or more violations which would be misdemeanors if committed by an adult.
[4] Section 943.053(3), Fla. Stat., has been amended by s. 21, Ch. 96-388, Laws of Florida, to provide that: Criminal history information, including information relating to juveniles, compiled by the Division of Criminal Justice Information Systems from intrastate sources shall be available on a priority basis to criminal justice agencies for criminal justice purposes free of charge and, otherwise, to governmental agencies not qualified as criminal justice agencies on an approximate-cost basis. After providing the division with all known identifying information, persons in the private sector may be provided criminal history information upon tender of fees as established by rule of the Department of Law Enforcement. Such fees shall approximate the actual cost of producing the record information. Fees may be waived by the Executive Director of the Department of Law Enforcement for good cause shown.
[5] The crimes specified in the statute are: assault; battery; carrying a concealed weapon; unlawful use of destructive devices or bombs; negligent treatment of children; assault on a law enforcement officer, a firefighter, or other specified officers; open carrying of a weapon; exposure of sexual organs; unlawful possession of a firearm; petit theft; cruelty to animals; and arson resulting in bodily harm to a firefighter. See, s. 20, Ch. 96-322, Laws of Florida.
[6] Section 39.039(2), Fla. Stat.
[7] 3A C.J.S. "Any" 903.
[8] Webster's New Collegiate Dictionary 51 (Rev. ed. 1979).